Patricia Prezioso, Esq.
McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
210 Park Ave., Suite 301
Florham Park, New Jersey 07932
(973) 635-6300
*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFOLUSO ADESANYA,<br><br>            Plaintiff,<br><br>     vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>            Defendant. | Hon. Susan D. Wigenton, U.S. D.J.<br><br>Civil No. : 2:13-cv-05564<br><br>Civil Action<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Novartis Pharmaceuticals Corporation ("Novartis") by and through its attorneys, McCusker, Anselmi, Rosen & Carvelli, P.C., by way of Answer to plaintiff Afoluso Adesanya's ("Plaintiff's") Complaint (the "Complaint") hereby responds to Plaintiff's allegations. Unless specifically admitted herein, Novartis denies the allegations of the pleading.

**I. Introduction**

1.      Novartis denies the allegations contained in paragraph 1 of the Complaint.

**II. Jurisdiction And Venue**

2.      Novartis admits that it has substantial contacts with this state and judicial district for the exercise of jurisdiction by this Court. The remaining assertions contained in paragraph 2 of the Complaint call for a legal conclusion and Novartis therefore denies same.

3. Novartis does not contest the jurisdiction of this Court at this time but reserves the right to contest jurisdiction should such facts become known in the future.

4. Novartis agrees that venue is properly laid in this District. Novartis denies that there were any acts or omissions by Novartis that support Plaintiff's claims, occurring in this judicial district or elsewhere.

### III. Parties

5. Novartis repeats and re-pleads each of its responses to the foregoing allegations as if fully set forth at length herein.

6. Novartis admits the allegations contained in paragraph 6 of the Complaint.

7. Novartis admits that it is a Delaware corporation that is based in New Jersey and maintains an office at 1 Health Plaza, East Hanover, New Jersey. Novartis is an affiliate of Novartis AG; except as heretofore admitted, Novartis denies the allegations contained in paragraph 7 of the Complaint.

8. Novartis lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of the Complaint, and therefore denies them and leaves Plaintiff to her proof.

### IV. Factual Background

9. Novartis admits that it extended an offer of employment to Plaintiff on or about March 1, 2010, which Plaintiff accepted on March 3, 2010, indicating that she would be available to commence employment on March 15, 2010; except as heretofore admitted, Novartis denies the allegations contained in paragraph 9 of the Complaint.

10. Novartis admits the allegations contained in paragraph 10 of the Complaint.

11. Novartis admits Plaintiff's position as a Brand Safety Leader within Integrated Medical Safety, a part of Oncology Global Development and Global Medical Affairs, and that Annick Krebs was a functional manager of Plaintiff from in or about late 2010; except as heretofore admitted, Novartis denies the allegations contained in paragraph 11 of the Complaint.

12. Novartis admits that Annick Krebs was a functional manager of Plaintiff from in or about late 2010 until Plaintiff's termination; except as heretofore admitted, Novartis denies the allegations contained in paragraph 12 of the Complaint.

13. Novartis denies that this summary is a complete and accurate description of Plaintiff's former position, job duties and requirements.

14. Novartis lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 14 of the Complaint, and therefore denies them and leaves Plaintiff to her proofs.

15. Novartis denies the allegations contained in paragraph 15 of the Complaint.

16. Novartis lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Complaint, and therefore denies them and leaves Plaintiff to her proofs.

17. Novartis denies the allegations contained in paragraph 17 of the Complaint.

18. Novartis denies the allegations contained in paragraph 18 of the Complaint.

19. Novartis denies the allegations contained in paragraph 19 of the Complaint.

20. Novartis did not, at any time, discriminate against Plaintiff.

21. Novartis denies the allegations contained in paragraph 21 of the Complaint.

22. Novartis admits that in or around May 2012 Plaintiff had discussions with Megan Burley, Senior Director, Global Human Resources Business Partner for Novartis Oncology Global

Development and Global Medical Affairs.  Novartis denies the complete accuracy of the characterizations contained in paragraph 22 as the documents speak for themselves, and Novartis leaves Plaintiff to her proofs.

23. Novartis admits that on or about June 20, 2013, Plaintiff sent an email to Corporate Health stating that her health care professional had recommended her not to drive for a week.  As to the remaining allegations contained in Paragraph 23, Novartis states that the email speaks for itself and Novartis leaves Plaintiff to her proofs.

24. Novartis admits that on or about July 2, 2012, Dawn Aubel, Nurse Practioner in Oncology Employee Health, sent an email to Plaintiff.  As to the remaining characterizations, Novartis states that the email speaks for itself and Novartis leaves Plaintiff to her proofs.

25. Novartis denies the allegations contained in paragraph 25 of the Complaint.

26. Novartis denies the allegations contained in paragraph 26 of the Complaint.

27. Novartis denies the allegations contained in paragraph 27 of the Complaint.

28. Novartis admits that on September 9, 2012 Plaintiff sent an email to Alessandro Riva, Global Head Oncology Development; except as heretofore admitted, Novartis denies the allegations contained in paragraph 28 of the Complaint.

29. Novartis admits that on September 9, 2012 Plaintiff sent an email to Alessandro Riva, Global Head Oncology Development.  As to the remaining allegations, Novartis states that the email speaks for itself and leaves Plaintiff to her proofs.

30. Novartis denies the allegations contained in paragraph 30 of the Complaint.

31. Novartis admits that on or about September 10, 2012, Alessandro Riva responded to Plaintiff's September 9, 2012 email.  As to the remaining allegations, Novartis states that the email speaks for itself and leaves Plaintiff to her proofs.

32. Novartis denies the allegations contained in paragraph 32 of the Complaint.

33. Novartis denies the allegations contained in paragraph 33 of the Complaint.

34. Novartis denies the allegations contained in paragraph 34 of the Complaint.

35. Novartis admits that in October of 2012 Plaintiff was being transitioned to work on the MEK162 and LGX818 projects and her responsibilities relating to the Zometa and Aredia products were ending; except as heretofore admitted, Novartis denies the allegations contained in Paragraph 35 of the Complaint.

36. Novartis denies the allegations contained in paragraph 36 of the Complaint.

37. Novartis denies the allegations contained in paragraph 37 of the Complaint.

38. Novartis denies the allegations contained in paragraph 38 of the Complaint.

39. Novartis denies the allegations contained in paragraph 39 of the Complaint.

40. Novartis denies the allegations contained in paragraph 40 of the Complaint.

41. Novartis denies the allegations contained in paragraph 41 of the Complaint as the document speaks for itself, and Novartis leaves Plaintiff to her proofs.

42. Novartis denies the allegations contained in paragraph 42 of the Complaint.

43. Novartis denies the allegations contained in paragraph 43 of the Complaint.

44. Novartis denies the allegations contained in paragraph 44 of the Complaint.

45. Novartis admits that on or about March 14, 2013 Plaintiff wrote an email to Alessandro Riva.  As to the remaining allegations, Novartis states that the email speaks for itself and leaves Plaintiff to her proofs.

46. Novartis admits the facts contained in Paragraph 46.

47. Novartis admits the facts contained in Paragraph 47.

48. Novartis admits that Plaintiff met with Valerie Acito on March 22, 2013 and was later contacted by Denise Konopka of Employee Relations; except as heretofore admitted, Novartis denies the allegations contained in paragraph 48 of the Complaint.

49. Novartis denies the allegations contained in paragraph 49 of the Complaint.

50. Novartis admits that on June 19, 2013, Plaintiff sent an email to Denise Konopka and Valerie Acito.  Novartis denies the remaining characterizations as the email speaks for itself and Novartis leaves Plaintiffs to her proofs.

51. Novartis denies the allegations contained in paragraph 51 of the Complaint.

52. Novartis admits that Plaintiff was contacted by Denise Konopka, that her complaint was not substantiated, and that the details of the investigation were confidential; except as heretofore admitted, Novartis denies the characterizations contained in Paragraph 52 as the email speaks for itself and Novartis leaves Plaintiff to her proofs.

53. Novartis denies the allegations contained in paragraph 53 of the Complaint.

54. Novartis denies the allegations contained in paragraph 54 of the Complaint.

55. Novartis denies the allegations contained in paragraph 55 of the Complaint.

56. Novartis denies the allegations contained in paragraph 56 of the Complaint.

57. Novartis denies the allegations contained in paragraph 57 of the Complaint.

**First Cause of Action**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**([1] Discrimination; and [2] Failure to Accommodate)**

58. Novartis repeats and re-pleads the foregoing answers as if fully set forth at length herein.

59. Novartis denies the allegations contained in paragraph 59 of the Complaint.

60. Novartis denies the allegations contained in paragraph 60 of the Complaint.

**Second Cause of Action**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**(Retaliation)**

61. Novartis repeats and re-pleads the foregoing answers as if fully set forth at length herein.

62. Novartis admits that Plaintiff requested an accommodation; except as heretofore admitted, Novartis denies the allegations contained in paragraph 62 of the Complaint. Novartis denies the allegations contained in paragraph 63 of the Complaint.

**Third Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

63. Novartis repeats and re-pleads the foregoing answers as if fully set forth at length herein.

64. Novartis admits the facts contained in paragraph 65 of the Complaint.

65. Novartis denies the allegations contained in paragraph 66 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's Complaint is barred because she has not sustained any cognizable damages attributable to Novartis and/or Plaintiff's claims for damages are barred or reduced by her failure to mitigate damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

**THIRD DEFENSE**

Plaintiff's Complaint is barred by the equitable doctrines of unclean hands, estoppel, and waiver.

## FOURTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, because of her own voluntary actions and her conduct, and contributory negligence causing her own harm.

## FIFTH DEFENSE

Plaintiff fails to state a legally cognizable claim for attorneys' fees.

## SIXTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of unjust enrichment.

## SEVENTH DEFENSE

The relief sought by Plaintiff, in whole or in part, is barred by the applicable statute of limitations and/or statute of repose and/or the doctrine of laches.

## EIGHTH DEFENSE

Novartis did not authorize, ratify, encourage, participate in, aid or abet any of the alleged misconduct.

## NINTH DEFENSE

Plaintiff fails to state a claim for humiliation, mental or emotional distress.

## TENTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for mental or emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive provisions of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 *et seq*.

## ELEVENTH DEFENSE

Novartis followed the applicable anti-discrimination and anti-retaliatory practices as required by law.  Novartis exercised reasonable care in order to prevent and properly correct any alleged

discriminatory or retaliatory behavior.  Therefore, Novartis reserves the right to move at or before the time of trial for the dismissal of the Complaint in its entirety.

### TWELFTH DEFENSE

Novartis did not create, permit, or condone any workplace behavior by any supervisor or employee which would create, permit, promote, maintain, or condone any retaliatory or discriminatory conduct.

### THIRTEENTH DEFENSE

The imposition of punitive damages in this case would violate Novartis' state and federal constitutional rights because it would, among other things, violate the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Fourth, Fifth and Sixth Amendments to the United States Constitution.

### FOURTEENTH DEFENSE

The conduct of Novartis was not extreme, wanton, outrageous, or egregious, and would not support a claim for punitive damages.

### FIFTEENTH DEFENSE

The allegations contained in Plaintiff's Complaint are known to Plaintiff to be frivolous and without factual or legal basis whatsoever and, as such, said Complaint should be stricken by this Court as an improper pleading.

### SIXTEENTH DEFENSE

Plaintiff failed to take advantage of the well-publicized procedures or corrective opportunities provided by Novartis.

**SEVENTEENTH DEFENSE**

The relief sought by Plaintiff is barred because all decisions and actions Novartis were justified and undertaken in accordance with and for the purpose of a legitimate non-discriminatory business interest that in no way related to Plaintiff's allegations or other alleged protected status or conduct.

**EIGHTEENTH DEFENSE**

Plaintiff's Complaint is barred in whole or in part because the actions as alleged, if they occurred at all, were not actions taken within the course and scope of the employment of Novartis' agents, employees, or representatives.

**NINETEENTH DEFENSE**

Novartis will rely upon any and all further defenses that become available or appear during discovery or the proceedings in this action, and hereby specifically reserves the right to amend this Answer to the Complaint for the purpose of asserting any additional affirmative defenses as further investigation reveals to be necessary and appropriate.

**TWENTIETH DEFENSE**

The relief sought by Plaintiff is because Novartis did not interfere any right of Plaintiff to take leave under the Family Medical Leave Act.

**TWENTY-FIRST DEFENSE**

Plaintiff's claim of disability discrimination is barred as providing a reasonable accommodation would impose an undue hardship on the operation of Novartis' business.

**WHEREFORE**, Novartis respectfully requests that this Court:

(a) Dismiss the Complaint in its entirety;

(b) Deny each and every demand, claim, and prayer for relief contained in the Complaint;

(c) Award to Novartis reimbursement of reasonable attorney's fees and costs incurred in defending this frivolous litigation and vexatious action; and

(d) Grant such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Novartis, by way of counterclaim against Plaintiff, states:

### COUNT I
### (Fraud – Employment Application and Resume)

1. On or about February 2, 2010, Plaintiff applied for a Brand Safety Leader position at Novartis headquarters in East Hanover, New Jersey.

2. Plaintiff's resume and employment application indicated that she was currently, and had been since in or about November 2007, employed as a Senior Medical Director with Global Drug Safety & Surveillance Inc. Plaintiff named her supervisor at Global Drug Safety & Surveillance, and indicated that she was responsible for drug safety and pharmacovigilance activities for assigned products.

3. Plaintiff signed her application, certifying that the information provided in the application was correct and that any falsification was grounds for immediate dismissal.

4. Plaintiff's representations concerning Global Drug Safety & Surveillance were false as Plaintiff was not an employee of Global Drug Safety & Surveillance but its owner and operator.

5. Upon information and belief, Global Drug Safety & Surveillance changed its name to LaRon Pharmaceutical Inc. ("LaRon"), and is a specialty pharmaceutical company which focuses on

acquiring/in-licensing, developing and commercializing pharmaceutical products in competition with Novartis.

6. Plaintiff made the representations concerning her relationship to Global Drug Safety & Surveillance n/k/a LaRon knowing them to be false, with the intent to deceive and fraudulently induce Novartis to rely on them by offering her employment.

7. Plaintiff's representations were material to Novartis' decision to offer employment to, and in fact employ, Plaintiff.

8. Novartis reasonably relied upon Plaintiff's representations in deciding to offer employment to Plaintiff.

9. As a direct and proximate result of Plaintiff's fraudulent misrepresentation as set forth in detail above, Novartis has sustained substantial damages.

## COUNT II
### (Fraud – Relocation Authorization Agreement)

10. Novartis repeats and re-pleads the foregoing allegations as if fully set forth at length herein.

11. On or about March 1, 2010, Plaintiff accepted a full-time, office-based, position with Novartis at its East Hanover, New Jersey location.

12. As part of Novartis' offer of employment, Novartis offered to Plaintiff a relocation package to move her from her home in Ambler, Pennsylvania to a location closer to Novartis' headquarters in East Hanover, New Jersey.

13. On or about March 3, 2013, Plaintiff executed the Relocation Authorization Agreement with Novartis ("Relocation Agreement") stating, *inter alia*, that in the event her relocation

was cancelled she would fully cooperate with Novartis "in its efforts to cancel or complete any transaction in connection with the planned relocation."

14. At Plaintiff's request, Novartis paid to Plaintiff relocation expenses.

15. By accessing money from her relocation package and accepting relocation monies, Plaintiff represented to Novartis that she intended to relocate closer to East Hanover, New Jersey.

16. The representation that Plaintiff intended to relocate was false and Plaintiff made such representation knowing it to be false or with reckless disregard as to the truth or falsity of the representation, with the intent to deceive and fraudulently induce Novartis to rely on the representation by refurnishing relocation monies to Plaintiff.

17. Plaintiff refused to relocate from her home in Ambler, Pennsylvania to a location closer to East Hanover, New Jersey.

18. As a direct and proximate result of Plaintiff's fraudulent misrepresentation as set forth in detail above, Novartis has sustained substantial damages.

## COUNT III
**(Breach of Contract)**

19. Novartis repeats and re-pleads the foregoing allegations as if fully set forth at length herein.

20. The Relocation Agreement is a binding and enforceable contract between Plaintiff and Novartis.

21. The Relocation Agreement provides that in the event Plaintiff's relocation is cancelled she would fully cooperate with Novartis "in its efforts to cancel or complete any transaction in connection with the planned relocation."

22. Novartis fully performed its obligations pursuant to the Relocation Agreement.

23. As set forth at length above, Plaintiff has breached the Relocation Agreement by wrongfully taking distributions under the Relocation Agreement without the intent to relocate.

24. Plaintiff has failed to return any part of the amounts provided to her under the Relocation Agreement.

25. As a direct and proximate result of Plaintiff's breach of contract as set forth in detail above, Novartis has sustained substantial damages.

## COUNT IV
### (Breach of Good Faith and Fair Dealing)

26. Novartis repeats and re-pleads the foregoing allegations as if fully set forth at length herein.

27. Implicit in the Relocation Agreement executed by Plaintiff and Novartis is an obligation of good faith and fair dealing requiring each of the parties to refrain from any act or omission that would injure or destroy the right of the other to receive the fruits and benefits of the Relocation Agreement.

28. By the acts and omissions to act as described more fully above, Plaintiff knowingly and intentionally failed to fulfill her implied covenant of good faith and fair dealing with respect to the Relocation Agreement.

29. As a result of Plaintiff's acts and omissions to act as described more fully above, Plaintiff has wrongfully breached her implied covenant of good faith and fair dealing with respect to the Relocation Agreement.

30. As a direct and proximate result of Plaintiff's breach of its covenant of good faith and fair dealing interference as set forth in detail above, Novartis has sustained substantial damages.

## COUNT V
### (Unjust Enrichment)

31. Novartis repeats and re-pleads the foregoing allegations as if fully set forth at length herein.

32. As set forth more fully above, Plaintiff has engaged in inequitable conduct that has caused substantial damages to Novartis.

33. These actions have conferred a benefit upon Plaintiff in the form of salary, bonuses, stock options, and relocation disbursements to the detriment of Novartis.

34. As a direct and proximate result of Plaintiff's misconduct, as set forth in detail above, Plaintiff has been unjustly enriched, to the detriment of Novartis.

35. Plaintiff's unjust enrichment has caused Novartis to sustain substantial damages.

## COUNT VI
### (Misappropriation of Confidential and/or Protected Information)

36. Novartis repeats and re-pleads the foregoing allegations as if fully set forth at length herein.

37. As an employee of Novartis, Plaintiff agreed that her primary responsibility would be to Novartis and that she would treat information about the company business with absolute confidentiality.

38. Plaintiff had a duty not to disclose or misappropriate Novartis' confidential information ("Proprietary Information") without privilege and/or permission.

39. Plaintiff agreed not to use Novartis assets, including Proprietary Information, for personal business.

40. Upon information and belief, while employed by Novartis, Plaintiff continued to operate LaRon.

41. Plaintiff's ownership of LaRon during the same period that she accessed confidential and proprietary Novartis information is a violation of Plaintiff's Conflict of Interest and Confidentiality Agreements with Novartis.

42. As a direct and proximate result of this unauthorized disclosure and misappropriation, Novartis has suffered damages.

## COUNT VII
### (Breach of Duty of Loyalty and Conflict of Interest Policy)

43. Novartis repeats and re-pleads the foregoing allegations as if fully set forth at length herein.

44. As an employee of Novartis, Plaintiff owed a duty not to act contrary to Novartis' interest, not to compete with Novartis, not to assist a competitor of Novartis' and not to take affirmative steps to injure Novartis' business.

45. Plaintiff agreed not to take or hold a personal financial interest in a transaction in which it is known that Novartis is or may be interested.

46. Plaintiff also agreed not hold a second job or any type of business relationship with a supplier, customer or competitor of Novartis.

47. Plaintiff agreed not to hold an interest in any company that competes, or does business with Novartis.

48. Plaintiff further agreed that no family member would act in any capacity for a supplier, contractor, subcontractor, customer, consultant or any entity competing or doing business with Novartis.

49. Plaintiff agreed that any potential conflict of interest with Novartis' business would be promptly disclosed.

50. At all times relevant, Plaintiff was competing with Novartis by her ownership of LaRon.

51. Plaintiff failed to disclose the conflict of interest inherent in her ownership of LaRon.

52. As a direct and proximate result of Plaintiff's failure to disclose her conflict of interest and breach of her duty of loyalty as set forth in detail above, Novartis has sustained substantial damages.

**WHEREFORE**, Novartis respectfully requests that this Court award Novartis:

(a) Compensatory, consequential and incidental damages;

(b) Punitive and exemplary damages as allowed by law;

(c) Prejudgment and post-judgment interest as permitted by law;

(d) Reasonable attorneys' fees and costs of suit as permitted by law; and

(e) Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Novartis demands a trial by jury on all claims on which it has the right to trial by jury.

McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
210 Park Ave., Suite 301
Florham Park, New Jersey 07932
*Attorneys for Defendant*
*Novartis Pharmaceutical Corporation*

By: _____\\s\\_____
    Patricia Prezioso, Esq. (PP5798)

Dated: December 6, 2013

## DESIGNATION OF TRIAL COUNSEL

Patricia Prezioso, Esq. is hereby designated a trial counsel for defendant, Novartis Pharmaceuticals Corporation.

>                    McCUSKER, ANSELMI,
>                    ROSEN & CARVELLI, P.C.
>                    210 Park Ave., Suite 301
>                    Florham Park, New Jersey 07932
>                    *Attorneys for Defendant*
>                    *Novartis Pharmaceutical Corporation*
>
>
>                    By: _____\s_____
>                         Patricia Prezioso, Esq. (PP5798)

Dated: December 6, 2013

## **CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action, arbitration, or other administrative proceeding now filed or contemplated.

                                                McCUSKER, ANSELMI,
                                                ROSEN & CARVELLI, P.C.
                                                210 Park Ave., Suite 301
                                                Florham Park, New Jersey 07932
                                                *Attorneys for Defendant*
                                                *Novartis Pharmaceutical Corporation*

                                        By: _____\s_____
                                                    Patricia Prezioso, Esq. (PP5798)

Dated: December 6, 2013

## CERTIFICATION OF SERVICE

On behalf of defendant Novartis Pharmaceuticals Corporation, I hereby certify that on December 6, 2013 a true and correct copy of the foregoing Answer with Affirmative Defenses and Counterclaim to Plaintiff's Complaint has been served electronically upon the Court and by Federal Express overnight delivery to Plaintiff, Afoluso Adesanya, by and through her attorney of record, Ari R. Karpf, 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, Pennsylvania 19020.

McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
210 Park Ave., Suite 301
Florham Park, New Jersey 07932
*Attorneys for Defendant*
*Novartis Pharmaceutical Corporation*


By: _____\\s\_____
     Patricia Prezioso, Esq. (PP5798)

Dated: December 6, 2013