IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
AFOLUSO ADESANYA                         :
                                         :
       Plaintiff,                       :
                                         :       CIVIL ACTION
   v.                                    :
                                         :
NOVARTIS PHARACEUTICALS                  :       No. 2:13-cv-05564
CORPORATION                              :
                                         :
       Defendant.                       :
_____:

# ORDER

      AND NOW, this _____ day of _____, 2013, after consideration of Plaintiff's Motion to Dismiss Defendants' Counterclaims and Defendant's Opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and Defendant's Counterclaims are hereby DISMISSED.


                                              BY THE COURT

                                         _____
                                         The Hon. Susan D. Wigenton, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFOLUSO ADESANYA : : Plaintiff, : : CIVIL ACTION v. : : NOVARTIS PHARACEUTICALS : No. 2:13-cv-05564 CORPORATION : : Defendant. : | |

**PLAINTIFF'S MOTION**
**TO DISMISS DEFENDANTS' COUNTERCLAIMS AND**
<u>**TO STRIKE AFFIRMATIVE DEFENSES**</u>

Plaintiff, by and through her undersigned counsel, hereby states as follows in support of her Motion to Dismiss Defendant's Counterclaims.

1. Afoluso Adesanya (Plaintiff) initiated the instant lawsuit asserting violations of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("LAD").

2. Defendant filed an Answer that included 21 affirmative defenses and 7 counterclaims.

3. Most of Defendant's Affirmative Defenses are not affirmative defenses at all, are inapplicable and/or misstate of the law.

4. Count I of Defendant's Counterclaims does not state a cause of action for which relief may be granted.

5. Plaintiff incorporates herein by reference her Memorandum of Law that outlines the relevant law and jurisprudence on this issue and which amply demonstrates that Count I of

2

Defendant's Counterclaims should never have been filed and should be dismissed and that Defendant's Affirmative Defenses 4-21 should be stricken.

**WHEREFORE**, Plaintiff respectfully requests that Count I of Defendant's Counterclaims be dismissed from the instant lawsuit and Defendant's Affirmative Defenses from 4-21 be stricken.

                                                 Respectfully submitted,

                                                 **KARPF, KARPF & CERUTTI, P.C.**

                                                 */s/ Ari R. Karpf*
                                                 Ari R. Karpf, Esq.
                                                 3331 Street Road
                                                 Two Greenwood Square
                                                 Suite 128
                                                 Bensalem, PA 19020
                                                 (215) 639-0801

Dated:  December 23, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFOLUSO ADESANYA : <br> : <br> Plaintiff, : <br> : CIVIL ACTION <br> v. : <br> : <br> NOVARTIS PHARACEUTICALS : No. 2:13-cv-05564 <br> CORPORATION : <br> : <br> Defendant. : <br> : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
AND TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff, by and through her undersigned counsel, hereby states as follows in support of her Motion to Dismiss Defendant's Counterclaims and Strike Affirmative Defenses.

**I.     Initial Statement**

Afoluso Adesanya (hereinafter "Plaintiff") initiated the instant 2-count lawsuit alleging that (1) her ability to take Family and Medical Leave Act leave was interfered with and she was retaliatorily terminated for requesting such leave and (2) that she was discriminated against under the New Jersey Law Against Discrimination ("LAD") because of her disability and/or because she requested medical accommodation for her disability.

On December 6, 2013, Defendant filed 21 Affirmative Defenses and 7 Counterclaims against Plaintiff in its Answer to the Complaint (Docket Entry # 7).  Affirmative Defenses 4-21 should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because they are immaterial or impertinent. Count I of Defendant's Counterclaims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted.

4

### II. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). It is clear that legal conclusions need not be accepted as true for the purposes of a 12(b)(6) motion and are governed by a plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (U.S. 2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Rule 12(f) of the Federal Rules of Civil Procedure provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike an affirmative defense pursuant to 12(f) is governed by the same standards as a motion to dismiss pursuant to 12(b)(6). *See In re Gabapentin Patent Litig.*, 648 F.Supp.2d 641, 647-48 (D.N.J. 2009) ("Because a motion [to strike] challenges the legal sufficiency of the pleading, it is governed by the same standards as a motion to dismiss").

### III. Argument

#### A. Motion to Strike Affirmative Defenses 4-21 Pursuant to Fed.R.Civ.P. 12(f)

Defendant's Affirmative Defenses 4-21 should be stricken because they are redundant, immaterial or impertinent. Affirmative Defense number 4 is impertinent because it does not apply to the case at hand in any way. Affirmative Defense 4 refers to contributory negligence, which does not apply to employment discrimination cases. Neither of Plaintiff's claims could be effected by the doctrine of contributory negligence.

Affirmative Defenses 5, 9 and 13 should be stricken because they are misstatements of the law. Affirmative Defense 5 states that Plaintiff does not state a legally cognizable claim for attorneys' fees. Count II of Plaintiff's claim asserts a claim under the LAD. It is well settled law that "In any action or proceeding brought under [the LAD], the prevailing party may be awarded a reasonable attorney's fee as part of the cost." N.J. Stat. § 10:5-27.1. Clearly, attorneys' fees are permissible in this case.

Affirmative Defense 13 claims that an award of punitive damages would violate the United States Constitution. The Third Circuit has stated, the "LAD is to be liberally construed so that all common law remedies, including compensatory and *punitive damages*, are available to persons protected by the LAD." *Gares v. Willingboro Twp.*, 90 F.3d 720, 726 (3d Cir. 1996) (Emphasis added). Clearly, punitive damages are permitted under the LAD, and there is no basis to argue that they are barred by the Constitution.

Affirmative Defense 9 claims that Plaintiff fails to state a claim for humiliation, mental or emotional distress. The New Jersey Supreme Court has held:

> [W]e are satisfied that compensatory damages for emotional distress, including humiliation and indignity resulting from willful discriminatory conduct, are remedies that require a far less stringent standard of proof than that required for a tort-based emotional distress cause of action. We hold that in discrimination

6

cases, which by definition involve willful conduct, the victim may recover all natural consequences of that wrongful conduct, including emotional distress and mental anguish damages arising out of embarrassment, humiliation, and other intangible injuries.

*Tarr v. Ciasulli,* 181 N.J. 70, 82 (N.J. 2004).

There is simply no basis for Defendant to assert that emotional distress damages are inappropriate.

Similarly, Affirmative Defense 10 claims that any claim for mental or emotional distress is barred by the New Jersey Workers' Compensation Act ("WCA"). The WCA clearly does not preempt emotional distress caused by discrimination. The WCA provides that Workers' Compensation provides the exclusive remedy for employees that suffer emotional distress as a result of their employer's negligence. N.J. Stat. § 34:15-8. Courts have explicitly held that the WCA does not preempt remedies under the LAD because discrimination is *not* an unfortunate but expected consequence of employment. *See Khair v. Campbell Soup Co.,* 893 F. Supp. 316, (1995).

Affirmative Defense 6 is immaterial and should also be stricken. Affirmative Defense 6 claims that Plaintiff's recovery is barred by the doctrine of unjust enrichment. In New Jersey, the doctrine of unjust enrichment is "a fundamental principle in the area of restitution." *Dunkin' Donuts of America, Inc. v. Middletown Donut Corp.*, 100 N.J. 166, 184 (N.J. 1985). The New Jersey Supreme Court has explained that under an unjust enrichment claim "where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Id.* Unjust enrichment operates as a cause of action, providing a claimant the ability to recover money damages, not use it as an affirmative defense. In the case at hand, Defendant has even plead an unjust enrichment counterclaim in Count V of its Answer. Unjust enrichment has never

been recognized as an affirmative defense, and it should be stricken as it appears in Affirmative Defense 6 of Defendant's answer.

Affirmative Defense 7 should be stricken because it is clear that there is no applicable statute of limitations defense in this case. The statute of limitations for an FMLA claim is two years for an ordinary violation and three years for a willful violation. 29 U.S.C. § 2617(c)(1),(2). The statute of limitations for a claim under the LAD is two years. *See Montells v. Haynes*, 133 N.J. 282 (N.J. 1993) (holding that all claims under the LAD have a two year statute of limitations). By Defendant's own admissions, Plaintiff was employed by Defendant during the majority of the last two years, and the incidents that give rise to these claims all took place within the last two years. There is no merit to any statute of limitations defense that may be raised against these claims and it should therefore be stricken.

Affirmative Defenses 8, 11, 12, 14-18 and 20 should be stricken because they are not affirmative defenses but merely assertions of fact (many of which are not even relevant to the cause of actions in this case). All of the aforementioned Affirmative Defenses actually would be questions for a fact-finder to determine and it is inappropriate for them to appear as affirmative defenses. These claims range from the agency of the actors, to claims that Defendant followed the law and "exercised reasonable care," and even a blanket statement claiming that Defendant "did not interfere [sic] any right of Plaintiff to take leave under the Family Medical Leave Act." These assertions clearly to do not provide any cognizable affirmative defenses and should be stricken.

Affirmative Defense 21 should be stricken because it misstates the law. A showing of undue hardship is not an absolute bar to a claim of disability discrimination. Plaintiff's complaint asserts disparate treatment on the basis of her disabilities. A showing of undue hardship has no

effect on those claims. Undue hardship is only a defense to a failure to accommodate claim, not a disparate treatment claim. *See Fendrick v. PPL Servs. Corp.*, 193 Fed. Appx. 138 (3d Cir. 2006). In the instant case, Plaintiff brings claims of both disparate treatment based on disability as well as failure to accommodate. Affirmative Defense 21 should be stricken as it misstates the law.

    B. *Motion to Dismiss Count I of Defendant's Counterclaims Pursuant to Fed.R.Civ.P. 12(b)(6)*

Counts I of Defendant's Counterclaims should be dismissed for failure to state a claim for which relief may be granted. Count I of Defendant's Counterclaims should be dismissed because Defendant's allegations do not establish fraud. "To establish common-law fraud, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-173 (N.J. 2005) (Citations and quotations omitted). Plaintiff disputes each of these five elements.

Plaintiff contends that ownership of the company for which she worked is not material to her qualifications and, if anything, would suggest that she was in fact *more* qualified than her application and resume would suggest. Such reasoning suggests that the alleged "misrepresentation" was not material, nor was it intended to deceive Defendant.

Additionally, Defendant fails to show any resulting damages caused by this alleged misrepresentation. Defendant's only allegation of damages is paragraph 9 of Defendant's counterclaims which states, "As a direct and proximate result of Plaintiff's fraudulent misrepresentation… [Defendant] has sustained substantial damages." It is clear that legal conclusions need not be accepted as true for the purposes of a 12(b)(6) motion and are governed by a plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions

9

can provide the framework of a complaint, they must be supported by factual allegations.") In the case at hand, Defendant makes no factual allegations of damage that was suffered by Plaintiff's alleged misrepresentation and there is no plausible reason that Defendant suffered damage based on the ownership of Plaintiff's former employer. Such a bare allegation is preposterous, and Plaintiff requests that this Court dismiss Count I of Defendant's Counterclaim.

## IV.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court strike Defendant's Affirmative Defenses 4-21 and dismiss Count I of Defendant's Counterclaims.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Ari R. Karpf*
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 23, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AFOLUSO ADESANYA | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| NOVARTIS PHARACEUTICALS CORPORATION | : | No. 2:13-cv-05564 |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I certify on the date set forth below that I served Defendant, represented by counsel at the below address, with Plaintiff's Motion to Dismiss via electronic filing.

Patricia Prezioso, Esq.
McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
210 Park Ave., Suite 301
Florham Park, New Jersey 07932
(973) 635-6300

**KARPF, KARPF, & CERUTTI P.C.**

*/s/ Ari R. Karpf*
Ari R. Karpf, Esq.

Dated: December 23, 2013

11