```
                     UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

NOT FOR PUBLICATION

| | |
|---|---|
| AFOLUSO ADESANYA,<br><br>           Plaintiff,<br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>           Defendants. | Civil Action No.<br><br>2:13-CV-5564-SDW-SCM<br><br>**OPINION AND ORDER ON DISCOVERY DISPUTES**<br><br>**[D.E. 65, 71, 112]** |

**I.   INTRODUCTION**

This matter comes before the Court upon informal motion by Defendant Novartis Pharmaceuticals Corporation ("Defendant") to compel Plaintiff Dr. Afoluso Adesanya ("Plaintiff") to produce the computer she used for work with LaRon Pharma Inc. ("LaRon"), and informal motion by Plaintiff for a protective order to block or limit the production.  See (ECF Docket Entry No. ("D.E.") 65, 71, 112).  Upon consideration of the parties' submissions and for the reasons set forth herein, both motions are **granted** in part and **denied** in part.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

The controlling pleadings are Plaintiff's Amended Complaint and Defendant's Answer and Counterclaim.  (D.E. 57, 60).  The initial complaint was filed on September 19, 2013. (D.E. 1). Defendant answered and filed its counterclaim on December 6,

2013. (D.E. 7). Plaintiff moved to dismiss the counterclaims. (D.E. 9). That motion was denied. (D.E. 17). Plaintiff subsequently amended her pleading to assert claims under the Americans with Disabilities Act. (D.E. 57).

On August 19, 2014, the Court entered an initial scheduling order. (D.E. 22). The Scheduling Order prescribed the timing for the parties to serve and respond to discovery requests in accordance with Federal Rules of Civil Procedure.

On October 7, 2014, the Court entered a Discovery Confidentiality Order. (D.E. 28). An Amended Scheduling Order was filed on January 22, 2015. (D.E. 43).

According to the Amended Complaint: Defendant unlawfully terminated her employment in violation of the Family Medical Leave Act and New Jersey Law Against Discrimination. (D.E. 57). Plaintiff is a medical doctor. (*Id.* at ¶ 13). She was hired by Defendant on about March 22, 2010, and worked in the position of senior brand safety leader. (*Id.* at ¶ 9). Plaintiff was considered to be an employee within defendant's integrated medical safety department group, and her overall manager during her period of employment was Annick Krebs. (*Id.* at ¶ 11*).* Though Ms. Krebs was the overall department group manager, Plaintiff had varying operational managers. (*Id.* at ¶ 12).

2

Plaintiff allegedly suffers from various health conditions, which include but not are limited to neck problems, limitations with her left hand, chronic back problems, dry eyes and acid reflux. (*Id.* at ¶ 14). From the commencement of her employment, Plaintiff regularly worked remotely and typically worked at least two days or more per week from home. (*Id.* at ¶ 15).

During Plaintiff's last approximate 14 months of employment, mid-2012 through her termination September 2013 with Defendant, she felt that she was being discriminated against due to her health conditions. (*Id.* at ¶ 21). In or about the time frame of May and June 2012, Plaintiff was communicating with Megan Burley, a director of human resources. (*Id.* at ¶ 22). Plaintiff was having complications with her health, and she was generally discussing these problems with Defendant's management and human resources personnel. (*Id.* at ¶ 22).

On March 22, 2013, Plaintiff met with Valerie Acito, the global head of human resources for Defendant, and expressed concerns of discrimination. (*Id.* at ¶ 46, 48). Early in April 2013, Plaintiff was contacted by Denise Konopka, the Associate Director of Employee Relations for Defendant. (*Id.* at ¶ 48).

On about September 4, 2013, Plaintiff's employment was terminated by Defendant. (*Id.* at ¶ 56). Defendant contends, in answer to interrogatory number three, Plaintiff was terminated

for a number of reasons, including but not limited to concerns regarding her conduct and attitude, including engagement and conduct contrary to the company's values and behaviors, refusal to follow directives of her supervisors, performance deficiencies, and failure to consistently work in the office as directed.

According to Defendant's Counterclaims, Plaintiff applied for and was hired as a brand safety leader at Defendant's headquarters in East Hanover, New Jersey. (D.E. 60, Counterclaim at ¶ 9, 11). Plaintiff's résumé and employment application indicated that she was currently and had been since in or about November 2007, been employed as a medical director with Global Drug Safety and Surveillance Inc.[1] (*Id.* at ¶ 2). Defendant states that Plaintiff's resume named her supervisor at Global Drug Safety and indicated that she was responsible for drug safety and pharmaco vigilance activities for assigned products. (*Id.*).

Plaintiff signed her application for employment certifying the information provided in the application was correct and that any falsification was grounds for immediate dismissal. (*Id.* at ¶ 3). Plaintiff's representations concerning Global Drug and

---

[1] LaRon Pharma Inc. (a/k/a Global Drug Safety & Surveillance Inc.) ("LaRon"). (D.E. 65 at 1). "Plaintiff was 50% owner" of LaRon. (D.E. 65 at 3).

4

Safety were, at least as alleged by Defendant, false. (*Id.* at ¶ 4). Defendant avers that Plaintiff was not an employee of LaRon, but was instead its owner and operator. The representations were allegedly material to Defendant's decision to offer employment to Plaintiff. (*Id.* at ¶ 7).

Defendant also claims fraud with regard to the parties' relocation authorization agreements. (*Id.* at ¶ 11). It alleges that on about March 1, 2010, Plaintiff accepted a full-time, office-based position with Defendant at its East Hanover, New Jersey, location. As part of Defendant's offer of employment, it offered Plaintiff a relocation package to move from her home in Ambler, Pennsylvania, to a location closer to its headquarters in East Hanover. (*Id.* at ¶ 12).

Defendant contends that the representation that Plaintiff intended to relocate was false, that she made such representation knowing it to be false or with reckless disregard to the truth or falsity of the representation with the intent to deceive and induce Defendant to rely on the representation by furnishing relocation monies to her. (*Id.* at ¶ 16).

Plaintiff's starting salary was $243,000, and she received a $35,000 sign-on bonus. (*Id.* at ¶ 28). Over the next three years, Plaintiff allegedly received over $210,400 in additional compensation from participation in an annual incentive plan and

5

the awards of stock options. (*Id.* at ¶ 30). Payment under the annual incentive plan was subject to the employee's adherence and compliance with Defendant's policies and procedures, including without limitation the Defendant's conflict of interest policy and code of conduct. (*Id.* at ¶ 31). Defendant asserts that Plaintiff engaged in behavior constituting egregious violations of company policy, including but not limited to multiple substantial material violations of the Defendant's conflict of interest policy. (*Id.* at ¶ 33).

### III.   DISCUSSION

Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court. This District has specified that magistrate judges may determine any non-dispositive pre-trial motion. L.Civ.R. 72.1(a)(1). This District has further provided in Local Civil Rule 37.1 that discovery disputes are to be brought to the magistrate judge on an informal basis. Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Defendant seeks to examine documents within a computer that Plaintiff used while working for LaRon. (D.E. 65). Its proposed scope of examination appears to have expanded since this dispute

was first raised, and would cover November 2007 to present. (*Id.*). Plaintiff objects and informally requests a protective order to prohibit the examination or limit the scope to her dates of employment from March 2010 to September 2013. (*Id.*).

With regard to the scope of the examination, the Federal Rules of Civil Procedure set forth "a liberal policy for providing discovery." *Jones v. DeRosa*, 238 F.R.D. 157, 163 (D.N.J. 2006). Federal Rule of Civil Procedure 26 defines the bounds of relevant discovery. Fed.R.Civ.P. 26. Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil Procedure "allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004).

In interpreting Rule 26(b)(1), district courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). Accordingly,

Rule 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). The computer here and information on it, at least in part, likely concerns business dealings having nothing to do with this case and is not owned exclusively by Plaintiff. Therefore, some limits will be imposed.

For purposes of these informal motions only, the Court makes the following findings of fact and conclusions of law:

On or about September 4, 2013, Defendant terminated Plaintiff's employment. Prior to the termination, Plaintiff's starting salary was $243,000, she received a $35,000 sign-on bonus, and received over $210,400 in bonuses from an annual incentive plan. Defendant's stated reasons for the termination include concerns regarding Plaintiff's conduct and attitude, including engagement and conduct contrary to the company's values and behaviors, refusal to follow directives of her supervisors, performance deficiencies, and failure to work in the East Hanover office.

Plaintiff was a part owner of LaRon Pharma Inc. (a/k/a Global Drug Safety & Surveillance Inc.). The computer used by Plaintiff for work with LaRon, constitutes discovery within her possession, custody, or control because she has "actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). Documents from the computer during the scope of Plaintiff's employment with Defendant are arguably relevant to claims that Plaintiff unethically competed with her employer. They may also be relevant to claims that Plaintiff's health conditions did or did not prevent her from travelling to East Hanover for work with Defendant. (D.E. 71). Defendant argues that documents preceding Plaintiff's work period, are relevant to its claim of resume fraud. Plaintiff shall produce the LaRon computer in the manner in which it has been stored in the ordinary course of business.

Furthermore, the parties dispute what information from the examination must be produced to Plaintiff. (D.E. 65). The parties are subject to the requirements to amend and supplement their disclosures and discovery responses as required by Rule 26(e). Defendant shall have the LaRon computer retrieved from Plaintiff using a third-party vendor to be delivered to a third-party vendor who will image the hard drive. Defendant shall

9

then have the computer returned to Plaintiff using a third-party vendor.

Defendant shall provide all vendors involved with this Order a copy of this Order and the Discovery Confidentiality Order in this case.  Defendant will also ensure that each vendor acknowledges the applicability of the Order to the services they are providing in relation to this case.  If Plaintiff wants an image of the hard drive, she will contact Defense counsel to make arrangements to have half of the imaging cost paid on her behalf.

Defendant has asserted counterclaims for resume fraud.  Whether these are actually counterclaims or are an affirmative defense for after acquired evidence of misconduct is possibly an issue to be resolved by the District Judge on another day.  Either way, being mindful of the scope of discovery permitted by the rules, Defendant is permitted discovery regarding (a) whether Plaintiff competed with Defendant during her employment with Defendant; (b) whether Plaintiff traveled for work or otherwise during her employment with Defendant; (c) whether Plaintiff was an employee of LaRon, as opposed to just an owner, and if so, whether her duties reflected the representations submitted on her resume.

**IV.  CONCLUSION**

For the foregoing reasons, and good cause shown,

IT IS on this Friday, October 16, 2015,

1. **ORDERED** that Defendant's motion to compel production of the LaRon computer used by Plaintiff is granted in part; and it is further

2. **ORDERED** that Plaintiff shall produce the LaRon computer within the next 10 days in the manner in which it has been stored in the ordinary course of business; and it is further

3. **ORDERED** that Defendant shall have the LaRon computer retrieved from Plaintiff using a third-party vendor to be delivered to a third-party vendor who will image the hard drive from the LaRon computer.  Defendant shall then have the computer returned to Plaintiff using a third-party vendor; and it is further

4. **ORDERED** that Plaintiff's motion is granted in part, and Defendant's examination of the LaRon computer shall be limited to discovery regarding (a) whether Plaintiff competed with Defendant during her employment with Defendant; (b) whether and when Plaintiff traveled for work or otherwise during her employment with Defendant; (c) whether Plaintiff was an employee of LaRon, as opposed to

just an owner, and if so, whether her duties reflected the representations submitted on her resume; and it is further

5. **ORDERED** that Defendant shall immediately provide Plaintiff with a copy of this Order and provide all involved vendors with this Order and the Discovery Confidentiality Order in this case and ensure that they acknowledge the applicability of these Orders to the services they are providing in relation to this case; and it is further

6. **ORDERED** that if Plaintiff wants an image of the hard drive, she will contact defense counsel within seven days of receiving this Order to make arrangements to have half of the imaging cost paid on her behalf; and it is further

7. **ORDERED** that the Clerk of the Court provide a copy of this Order to Plaintiff.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/16/2015 3:59:33 PM

```
Original: Clerk of the Court
cc: All parties
      File


Dr. Afoluso Adesanya
389 Highgate Drive
Ambler, PA 19002
```