**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**STEVEN C. MANNION**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

October 30, 2015

**LETTER OPINION/ORDER**

Re:   **D.E. 116, 125**
      **Plaintiff's Application for Reconsideration**
      **Afoluso Adesanya v. Novartis Pharmaceuticals Corp.**
      **Civil Action No. 13-cv-5564 (SDW-SCM)**

Dear Litigants:

       Plaintiff Dr. Afoluso Adesanya ("Dr. Adesanya") and her non-party husband Dr. Adenekan H. Adesanya ("Mr. Adesanya") have filed a "joint motion" seeking reconsideration of the Court's Order entered on October 6, 2015;[1] and a request to stay the Court's Orders entered on October 6, 16 and 19, 2015.[2]  Dr. Adesanya also separately filed her objections to the October 16th Order[3] and a "motion" seeking reconsideration of the Court's Orders entered on October 16 and 19, 2015.[4]  The October 6th Order was entered after argument held on October 2nd, and, *inter alia*, a) granted Novartis' motions to compel discovery; b) reserved decision on Novartis' motion to quash; c) denied all motions and cross-motions for sanctions; and d) set a schedule for a settlement conference.[5]  The October 16th Order granted Novartis' motion to compel production of Dr. Adesanya's LaRon work computer.[6]  The October 19th Order granted Novartis' motion to quash certain subpoenas from Dr. Adesanya.[7]  Defendant Novartis Pharmaceuticals Corp. ("Novartis") opposed the initial motion for reconsideration, arguing that the Adesanyas are "attempt[ing] to re-litigate disputes that the Court has already resolved."[8]  For the reasons set forth herein, the relief requested is **denied**.

---

1 (ECF Docket Entry No. ("D.E.") 116).   D.E. 117 is a duplicate filing of D.E. 116.
2 (D.E. 124).
3 (D.E. 121).
4 (D.E. 125).
5 (D.E. 109, 110).
6 (D.E. 115).
7 (D.E. 119).
8 (D.E. 114).

1

I.      DISCUSSION

      A.      Motion Practice

      Each of the Adesanyas' "motions" is denied without prejudice for failing to comply with Local Civil Rules 7.1 and 7.2 and with prejudice for the reasons stated below in Point II.   Dr. Adesanya was represented by counsel until August 28, 2015, when she began representing herself.[9]   Likewise, Mr. Adesanya was represented by counsel as a fact witness until September 29, 2015, when he began representing himself.[10]   *Pro se* parties and p*ro se* witnesses can represent themselves and a *pro se* party can appear at all proceedings, including depositions, to represent their own interests.   A *pro se*, however, cannot represent any another person in federal court.[11]   A p*ro se* is also not permitted to represent any entity even if they are an owner or employee of the entity.[12]   Each *pro se* is "personally responsible" for the progress of their own case,[13] and must comply with the Court's rules.[14]   The Adesanyas' "motions" failed to adhere to the requirements of Local Civil Rules 7.1 and 7.2 and are therefore denied without prejudice.

      The Local Rules permit judges to allow the filing of informal motions to expedite the case, but that practice is typically reserved for cases litigated with counsel, not *pro se* litigants.[15]   This became a *pro se* case subject to formal filing requirements on August 28, 2015.   Requests for relief must be made by notice of motion with certification of service, a proposed order and a brief or statement *in lieu* of brief where appropriate.[16]   Briefs must also comply with all of the requirements of Local Civil Rule 7.2.   When exhibits are submitted, they must be attached to an affidavit, certification, or declaration. "Motions" that do not comply with the Court's rules may be denied or stricken by the Court.

      The "joint motion" seeking reconsideration did not include a notice of motion, certification of service, or a proposed order.[17]   Instead, it included a letter brief with an attached exhibit.   The submission did not comply with the Local Civil Rule 7.2 requirements for either briefs or the requirements for an affidavit, certification, or declaration.   The joint request to stay the Court's Orders entered on October 6, 16 and 19, 2015, is similarly deficient.[18]   It did not include a notice of motion, certification of service, or a proposed order.   It consisted of only a letter brief that did not comply with Local Civil Rule 7.2. The second "motion" for reconsideration also did not include a notice of motion, certification of service, or a proposed order.[19]   It only included a letter brief with a

---

9 (D.E. 87).
10 See (D.E. 103).
11 *Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010).
12 *Simbraw v. U.S.*, 367 F.2d 373, 374 (3d Cir. 1996).
13 Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008).
14 The Federal Rules of Civil Procedure can be read at: www.uscourts.gov/file/rules-civil-procedurea and the District's Local Civil Rules can be read at:
www.njd.uscourts.gov/sites/njd/files/completelocalRules.pdf.
15 See L.Civ.R. 7.1(b) and L.Civ.R. 37.1(a)(2).
16 L.Civ.R. 7.1(d),(e) and L.Civ.R. 37.1(b).
17 See (D.E. 116).
18 See (D.E. 124).
19 See (D.E. 125).

certification and did not comply with the Local Civil Rule 7.2 requirements for either briefs or the requirements for an affidavit, certification, or declaration.   For these reasons, each of the requests for relief is denied without prejudice.

The Court will nonetheless not require the correction and re-filing of the papers this time, and will analyze the substance of the arguments in the interest of efficiency and economy.

### B.   Legal Standard for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."[20]        To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[21]  "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted `sparingly.'"[22] Motions for reconsideration require the moving party to set forth "concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked…."[23]   Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[24]

The Adesanyas' "joint motion" seeks reconsideration of the Court's October 6th Order granting Novartis' respective motions, D.E. 58 and 90 to compel discovery because the Order allegedly "directly prejudices and causes … great harm".[25]   The Adesanyas ask that the Court disregard Novartis' subpoenas, block the deposition of Mr. Adesanya and Mr. Ron Kamens, and adjourn the upcoming status and settlement conference.   The basis for these requests is allegations of attorney misconduct.   There is no alleged intervening change in the controlling law; no new evidence that was not available when the Court made its initial decision; and no clear error of law or fact presented.   Accordingly, the motion is denied on its merits.

Dr. Adesanya's "motion" seeking reconsideration of the Court's October 16th and 19th Orders similarly fails to make the required showing.  Dr. Adesanya complains that she is disadvantaged by "ECF filing and ex-parte correspondence with the court which leaves the Pro Se litigant at a serious disadvantage…."[26]   Dr. Adesanya's papers do not cite any example of "ex-parte correspondence"

---

20 L.Civ.R. 7.1(i).
21 *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
22 *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. (internal citations and quotations omitted.).
23 *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).
24 *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).
25 (D.E. 116 at 2).
26 (D.E.s 125 at 2, and 126 at 1).

with the Court.[27]   Dr. and Mr. Adesanya then wrote in a joint letter filed on October 27, 2015 that Novartis' counsel submitted a "flurry of e-mails and communications to the [C]ourt…."[28]

Dr. Adesanya elected not to appear for depositions held at the Courthouse on October 30, 2015.   When Mr. Adesanya and defense counsel appeared for his deposition, Mr. Adesanya stated that the only "ex-parte" communication he was aware of was guidance defense counsel received from court personnel regarding whether additional papers had to be filed concerning a pending motion to quash.   Defense counsel confirmed that a Law Clerk informed them telephonically that no additional papers had to be submitted.   Defense counsel denied any emails or ex-parte correspondence with the Court and Mr. Adesanya was not aware of any such correspondence.

The terms and import of language used by the Adesanyas in their correspondence is at times inaccurate or exaggerated.   While the docket is replete with the increasing number of correspondence from both sides, and the email communications between the parties that have been attached to defense counsel's submissions,[29] there has not been email correspondence between the parties and the Court.   Therefore, the comment regarding "ex-parte correspondence" was in error.

With regard to electronic filings, the Court has already explained to Dr. Adesanya that this District has implemented an electronic case filing system for all documents filed with the Clerk of the Court.[30]   Electronic case filing is mandatory for all except a *pro se* litigant who cannot file electronically, but may register to receive notifications only.[31]   Though Dr. Adesanya cannot file electronically, the Clerk's Office receives her submissions and files them electronically for her.   The plethora of submissions she has filed on the docket since appearing *pro se* suggests that this alternate filing system is working.   Dr. Adesanya may nonetheless take care to focus upon the quality and accuracy of her submissions rather than the speed at which she can deliver them.

As for electronic notifications, Dr. Adesanya is not yet registered to receive electronic notifications though she has an email address.   However, she regularly and frequently contacts Chambers staff shortly after filings by the defense or the Court, because defense counsel have volunteered to email filings to her.   Consequently, Dr. Adesanya has failed to show how the ECF system has prejudiced her in any way.

Dr. Adesanya merely disagrees with the Court's decisions.   There is no alleged intervening change in the controlling law; no new evidence that was not available when the Court made its initial decision; and no clear error of law or fact presented.[32]   Accordingly, this motion is also denied on its merits.

---

27 (D.E. 125 at 2).
28 (D.E. 126 at 1).
29 See e.g., (D.E. 122 at 4 - 7).
30 L.Civ.R. 5.2(ECF Policies and Procedures).
31 Id.
32 See *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

B.      Scheduling Disputes

Dr. Adsanya requests that the Court stay or adjourn several dates in the scheduling order. This District's Local Civil Rules provide that the "court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences" to (1) expedite disposition of the action; (2) manage the case; (3) discourage wasteful pretrial activities; (4) improve the quality of trial through more thorough preparation; and (5) facilitate settlement.[33]   The Court's scheduling orders "control[] the course of the action unless the court modifies it."[34]   A scheduling order "may be modified only for good cause and with the judge's consent."[35]   Dr. Adsanya has thus far not shown good cause for the Court to modify the current schedule, and therefore, her request for a stay is denied.

The parties should also be aware that since the Court has not stayed any of its rulings or granted any party leave not to comply with Orders already received, it is expected that the parties have or will comply with all orders from the Court without additional guidance.

An appropriate order shall issue.

## ORDER

**IT IS** on this Friday, October 30, 2015 ordered as follows:

1.      The Adesanyas' joint motion for reconsideration, D.E. 116, 117 is **denied** on the merits and for failing to comply with the Local Rules; and it is further ordered that

2.      The Adesanyas' joint motion to stay, D.E. 124 the Court's orders and schedule is denied on the merits and for failing to comply with the Local Rules; and it is further ordered that

3.      Dr. Adesanya's motion for reconsideration, D.E. 125 is **denied** on the merits and for failing to comply with the Local Rules**.**

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY ORDER ENTERED BY THIS COURT MAY RESULT IN SANCTIONS PURSUANT TO Fed.R.Civ.P. 16(f) and 37.**

**SO ORDERED.**

---

33 Fed.R.Civ.P. 16(a).
34 Fed.R.Civ.P. 16(d).
35 Fed.R.Civ.P. 16(b)(4).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/30/2015 4:04:38 PM

c (via ECF):

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

Dr. Afoluso Adesanya
389 Highgate Drive
Ambler, PA 19002

6