UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---:|
| CHAMBERS OF<br>**STEVEN C. MANNION**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

November 24, 2015

**LETTER OPINION/ORDER**

Re:   D.E. 127
      Afoluso Adesanya v. Novartis Pharmaceuticals Corp.
      Civil Action No. 13-cv-5564 (SDW-SCM)

Dear Litigants:

Plaintiff Dr. Afoluso Adesanya ("Adesanya") has filed an informal motion to quash the subpoenas served by Defendant Novartis Pharmaceuticals Corporation ("Novartis") upon Wells Fargo Bank and for the entry of a protective order.[1] Novartis opposed the motions.[2] Dr. Adesanya requested an extension to reply, but replies are not permitted on discovery motions.[3] Upon consideration of the parties' submissions, the relief requested is **denied**.

I.   DISCUSSION

  A.   Magistrate Judge Authority

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[4] This District has specified that magistrate judges may determine any non-dispositive pre-trial

---

[1] (ECF Docket Entry No. ("D.E.") 127).

[2] (D.E. 136).

[3] L.Civ.R. 7.1(d)(3).

1

motion.[5] This District has further provided that discovery disputes are to be brought to the magistrate judge.[6] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[7]

B.  Motion Practice

Dr. Adesanya is "personally responsible" for the progress of her own case,[8] and she has already been informed that all parties must comply with the Court's rules.[9] Her informal motions failed to adhere to the requirements of Local Civil Rules 7.1 and 7.2 and are therefore denied without prejudice.

As previously explained to Dr. Adesanya, motions must be made by notice of motion with certification of service, a proposed order and a brief or statement *in lieu* of brief where appropriate.[10] Briefs must also comply with all of the requirements of Local Civil Rule 7.2. When exhibits are submitted, they must be attached to an affidavit, certification, or declaration. "Motions" that do not comply with the Court's rules may be denied or stricken by the Court.

The informal motion here did not include a notice of motion, certification of service, or a

---

4  28 U.S.C. § 636(b)(1)(A).

5  L.Civ.R. 72.1(a)(1).

6  L.Civ.R. 37.1.

7  28 U.S.C. § 636(b)(1)(A).

8  *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008).

9  The Federal Rules of Civil Procedure can be read at: www.uscourts.gov/file/rules-civil-procedurea and the District's Local Civil Rules can be read at: www.njd.uscourts.gov/sites/njd/files/completelocalRules.pdf.

10  L.Civ.R. 7.1(d),(e) and L.Civ.R. 37.1(b).

proposed order.[11]   Instead, it included a letter brief and certification.  The submission, however, did not comply with the Local Civil Rule 7.2 requirements for either briefs or the requirements for an affidavit, certification, or declaration.  For these reasons, each of the requests for relief is denied without prejudice.

The Court will nonetheless not require the correction and re-filing of the papers this time, and will analyze the substance of the arguments in the interest of efficiency and economy.

B.   Standard for Quashing A Subpoena

Discovery of documents from a nonparty may be achieved under Rule 45.[12] A subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)."[13] Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands."[14] On a motion to quash, it is the moving party's burden to demonstrate that compliance with the subpoena would either disclose privileged or confidential information or would be unduly burdensome.[15] General assertions are insufficient to show undue burden for the purpose of a motion to quash.[16]

Dr. Adasanya has not presented the court with any certified facts, let alone sufficient facts

---

11  See (D.E. 116).

12  See Fed.R.Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

13  *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008).

14  *Lefta Assocs. v. Hurley*, No. 1:09-cv-2487, 2011 WL 1793265, *2 (M.D. Pa. May 11, 2011).

15  Fed.R.Civ.Pro.45(d)(3)(A)(iii-iv).

16  *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, No. MISC. 1:12-MC-00358, 2012 WL 5862735, at *3 (M.D. Pa. Nov. 19, 2012).

from which to draw a conclusion as to the basis for her motion to quash and has only submitted vague legal conclusions that the subpoenaed information is "confidential information" and includes "trade secrets."[17] Furthermore, since Dr. Adasanya avers that the subpoena seeks bank records for a business she claims to have no involvement with, she admits that she does not have standing to file the present motion to quash and avers no personal interest in the subpoenaed information.[18] Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena.[19] Dr. Adesanya has not met the burden to quash Novartis' subpoenas, so the relief requested is denied.

### C. Standard for Protective Order

A court may issue a protective order to regulate the terms, conditions, time or place of discovery.[20] The moving party bears the burden of showing good cause for the issuance of a protective order "by demonstrating a particular need for protection [and] [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[21] Furthermore, the party seeking a protective order "must show good cause by demonstrating a particular need for protection."[22] Establishing "good cause" requires the movant to "specifically demonstrate [ ] that disclosure will cause a clearly defined and serious injury. Broad allegations of

---

17  (D.E. 127 at 2).

18  (D.E. 127 at 2).

19  *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).

20   Federal Rule of Civil Procedure 26(c).

21  *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citing *United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978).

22  (*Id.*).

4

harm, unsubstantiated by specific examples, however, will not suffice."[23]

Here, Dr. Adasanya has not pled with sufficient specificity and identified a clearly defined injury but has instead relied upon vague statements of harm averred as legal conclusions.  She has not shown good cause for the issuance of a protective order.

An appropriate order follows.

## Order

**IT IS** on this Tuesday, November 24, 2015,

1.     **ORDERED** that Plaintiff's motion to quash the *subpoena duces tecum* to Wells Fargo dated 10/23/2015 is denied; and it is further

2.     **ORDERED** that Plaintiff's motion for a protective order is denied; and it is further

3.     **ORDERED** that the Clerk of the Court provide a copy of this Order to Plaintiff.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/24/2015 7:01:37 PM

c (via ECF):

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

Dr. Afoluso Adesanya
389 Highgate Drive
Ambler, PA 19002

---

[23] *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)(*citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994)).