UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**STEVEN C. MANNION**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

December 1, 2015

**LETTER OPINION/ORDER**

Re: D.E. 147, 155
**Afoluso Adesanya v. Novartis Pharmaceuticals Corp.**
**Civil Action No. 13-cv-5564 (SDW-SCM)**

Dear Litigants:

Defendant Novartis Pharmaceuticals Corp. ("Novartis") has submitted an informal letter that objects to the Local Rule 6.1 requests for extension by Plaintiff Dr. Afoluso Adesanya's ("Dr. Adesanya") to file her discovery motion and by Mr. Adesanya's to file his opposition to Novartis' motion for sanctions.[1] The letter also seeks clarification of the Court's guidance with regard to filings. Novartis has also submitted an informal letter seeking the Court's "intervention to resolve" a dispute regarding the deposition of former Auxillium employees.[2]

I. DISCUSSION

A. Scheduling Disputes and Extensions

Novartis objects to the two extension requests and complains of what it perceives as conflicting guidance. What should be clear is that all parties shall comply with the Federal Rules, the

---

1 (ECF Docket Entry No. ("D.E.") 147).

2 (D.E. 155). Note that the Novartis letter filed at D.E. 156 is almost identical to D.E. 155 and will not be responded to separately.

1

Local Rules, and the Court's orders. A pretrial order "controls the course of the action unless the court modifies it."[3] It should also be clear that the Court retains the discretion to control its calendar, relax deadlines and any rule. Especially, when doing so (1) expedites disposition of the action; (2) manages the case; (3) discourages wasteful pretrial activities; (4) improves the quality of trial through more thorough preparation; and (5) facilitates settlement.[4] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[5]

For further guidance, the parties may raise the issue as an agenda item for our next status conference. Meanwhile, counsel should review the Comments to Local Rules 7.1, 7.2, and 10.1 which discuss the policy of exercising more leniency with deadlines and filings from *pro se* litigants than with represented parties.

With regard to these specific requests, Novartis's objection did not identify any prejudice with regard to the minimal extensions requested. Accordingly, the *pro se* extension requests have been granted and in the meantime Dr. Adesanya's motion denied.[6] Novartis's letter is typical of the tactics that have become common in this litigation-- oppose everything, even when the request is reasonable. The animosity between the parties is already high and not helped by dueling letters, objections to every request, anticipatory disputes, motions filed over every dispute, and the latest tactic of appealing pre-trial decisions. Both sides are seeking to recover attorneys' fees in this case and should be advised that fees for unnecessary disputes are not likely to be recoverable.

---

3. Fed.R.Civ.P. 16(d).

4. Fed.R.Civ.P. 16(a).

5  28 U.S.C. § 636(b)(1)(A).

6  (D.E. 141, 159, 163).

B.     Motion Practice

Novartis complains that Dr. Adesanya's extension request did not meet the formal requirements of the rules, but then filed a letter seeking relief from the Court regarding a dispute over non-party depositions. Novartis reports that Dr. Adesanya has elected to not attend the noticed non-party depositions because she is only available on Fridays and instead wished to reserve her "right to recall the witnesses at a later date." The parties may "reserve" any rights they think they may have, but if a motion is filed the Court will decide. That time has not yet come.

Still, Novartis requests "Court intervention to resolve this issue.…"[7] There is no justiciable dispute ripe for resolution and if there were, Novartis' informal request failed to adhere to the requirements of Local Civil Rules 7.1 and 7.2. Motions must be made by notice of motion with certification of service, a proposed order and a brief or statement *in lieu* of brief where appropriate.[8] The informal request here did not include the required papers.[9] For these reasons, Novartis' request for relief is **denied without prejudice**.

If the dispute ripens, Novartis may file a motion. Likewise, if there is a motion by Dr. Adesanya to continue a deposition, the Court will address the application at that time. However, the parties should know that the time for completing discovery is rapidly drawing to a close. Dr. Adesanya should also understand that the accommodation of a Friday schedule for her own deposition, does not bind the Court or Novartis for other depositions or proceedings. She has

---

7 (D.E. 155). Note that the Novartis letter filed at D.E. 156 is almost identical to D.E. 155 and will not be responded to separately.

8 L.Civ.R. 7.1(d),(e) and L.Civ.R. 37.1(b).

9 Novartis separately complains about other disputes that were informally raised and have not been resolved, but has failed to follow through with a motion. See (D.E. 158).

3

chosen to appear *pro se* and must be available to prosecute her case and defend against Novartis' counterclaims.

An appropriate order follows.

## Order

**IT IS** on this Tuesday, December 01, 2015,

1. **ORDERED** that Novartis' request for relief is **denied without prejudice**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/1/2015 4:24:25 PM

c (via ECF):

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties