# MARC
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

MCCUSKER · ANSELMI
ROSEN · CARVELLI

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 · Fax: 973.635.6363
www.marc.law

JOHN B. MCCUSKER
*Director*
Direct: 973.457.0122
Fax: 973.805.2970
jmccusker@marc-law.com

July 12, 2017

<u>**VIA ELECTRONIC FILING**</u>
Hon. Susan D. Wigenton, U.S.D.J.
United States District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

        Re:    **Afoluso Adesanya v. Novartis Pharmaceuticals Corporation**
               **Civil No.:2:13-cv-05564**

Dear Judge Wigenton:

      On behalf of defendant Novartis Pharmaceuticals Corporation ("NPC"), we respectfully submit this letter brief in opposition to the joint motion filed by Plaintiff Afoluso Adesanya ("Plaintiff") and her husband, Adenekan Hezekiah Adesanya ("Mr. Adesanya"), seeking a stay of this Court's Order, dated June 5, 2017, granting NPC final judgment against Plaintiff in the amount of $457,040.22 in total fees and costs, against Mr. Adesanya in the amount of $23,714.00 in fees and costs, and against Plaintiff in the amount of $1,393,918.23 in damages on NPC's Counterclaim Counts One, Three, Four, Five and Eight, plus post-judgment interest as mandated by 28 U.S.C. § 1961 (the "June 5th Order"). Plaintiff and her husband filed a joint motion for a stay with a supporting Joint Certification, dated June 21, 2017, and then, dated one week later, June 27, 2017, Plaintiff and Mr. Adesanya filed what they identify as an "Amended Joint Motion" for a stay that purports to supersede their prior motion. Erring on the side of completeness, NPC responds herein to all arguments made in both joint motion submissions.

      Preliminarily, as par for the course of Plaintiff's pursuit of her baseless claims in this litigation, which has been rife with her and her husband's assertions of absolutely outrageous allegations of wrongdoing against NPC and its counsel at every turn, Plaintiff's and Mr. Adesanya's joint motions here continue their *modus operandi* by making bizarre allegations that, since entry of the June 5th Order, somehow NPC and its counsel are responsible for harassing telephone messages and e-mails that they have purportedly received from unknown third-parties. *See* D.E. 283-1 at ¶¶ 1-2; D.E. 285-1 at ¶ 3. Their consistent attempts to fabricate a scenario in which they are somehow the victims is offensive and tiresome by this juncture of the litigation. Undoubtedly, these allegations are not only completely

Hon. Susan D. Wigenton, U.S.D.J.                                          July 12, 2017
Page 2

unfounded but they are also entirely irrelevant to any possibly permissible basis for a stay of this Court's final judgment.

Plaintiff's and Mr. Adesanya's pending joint motion appears to be more soundly based on their recent filing of a Notice of Appeal to the Third Circuit. In that regard, however, as set forth below, by failing to post the required *supersedeas* bond for such a stay, Plaintiff's and Mr. Adesanya's joint motion unquestionably runs afoul of Federal Rule of Civil Procedure 62(d) and must be denied.

### Because Plaintiff and Mr. Adesanya Have Failed to Post a *Supersedeas* Bond, Their Motion for a Stay Pending Appeal Must be Denied

Pursuant to Federal Rule of Civil Procedure 62(d), "If an appeal is taken, the appellant may obtain a stay by *supersedeas* bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." *See* Fed. R. Civ. Pro. 62(d). While the amount of the required *supersedeas* bond is not specified in Rule 62(d), case law holds that the amount should be set to satisfy the judgment in full, plus interest, costs, and damages for delay. *See, e.g., Church & Dwight Co. v. Abbott Labs.*, 2009 U.S. Dist. LEXIS 64459, at *49-50 (D.N.J. July 23, 2009) (after denying request to waive posting of bond, requiring a bond in an amount based upon the court's calculation of the likely post-judgment interest for the time period of the median duration between filing a notice of appeal and case disposition, adding same to the outstanding judgment, prejudgment interest, and taxable costs); *Knauss v. Dwek*, 2006 U.S. Dist. LEXIS 99825, at *19 (D.N.J. Mar. 31, 2006) (fixing the bond amount to the full amount of the judgment plus eighteen months interest at the post-judgment rate specified in 28 U.S.C. § 1961) (citations omitted).

Case law supports discretionary waiver of the required *supersedeas* bond only upon a showing of "exceptional circumstances" and where "there exists an alternative means of securing the judgment." *See, e.g., Transamerica Occidental Life Ins. Co. v. Total Sys. Inc.*, 2011 U.S. Dist. LEXIS 66052 (D.N.J. June 14, 2011); *Galvan Montalvo v. Larchmont Farms, Inc.*, 2011 U.S. Dist. LEXIS 132049, at *3-*7 (D.N.J. Nov. 16, 2011); *Church & Dwight Co.*, 2009 U.S. Dist. LEXIS 64459, at *42 (various citations omitted). In their pending joint motion, Plaintiff and Mr. Adesanya do not come close to meeting their burden of establishing exceptional circumstances or establishing that there exists an alternative means of securing the judgment upon which this Court could even consider exercising its discretion to waive Federal Rule of Civil Procedure's 62(d)'s bond requirement. Indeed, neither in their initial joint motion nor in their Amended Joint Motion, do they even mention Federal Rule of Civil Procedure 62(d); they do not request waiver of a bond in either filing; they do not propose a plan to adequately secure the judgment in either filing; and they do not raise in either filing any of the various factors set forth in the case law as necessary to be considered in finding the required exceptional circumstances for such a waiver. *See, e.g., Galvin Montalvo*, 2011 U.S. Dist. LEXIS 132049 (denying request for waiver of bond requirement where moving party failed to adequately address factors necessary for finding exceptional circumstances) (various citations omitted). Even if Plaintiff and Mr. Adesanya were to argue for waiver of the mandatory bond – which they did not – and, even if they were to meet their burden of showing the required exceptional circumstances along with a showing of alternate adequate security – which they did not – they still would be entitled to absolutely no consideration in light of this Court's sound findings of their fraudulent conduct and continuous violations of the Rules and this Court's orders

throughout this matter. The Adesanyas' attempt to set forth the purported merit of their appeal does not address the requirement for a bond or the alternative dual requirement of exceptional circumstances along with an alternative plan for securing judgment. *See* D.E. 285-2 at p. 8-12.

Accordingly, NPC respectfully submits that Plaintiff's and Mr. Adesanya's joint motion and Amended Joint Motion for a stay pending their appeal should both be denied for failing to meet the requirement of posting a bond as set by Federal Rule of Civil Procedure 62(d).

### Plaintiff's and Mr. Adesanya's Previous Motion for a Stay is Irrelevant

As this Court is aware and, as specifically noted in the Court's written opinion that accompanied the June 5th Order, Plaintiff's and Mr. Adesanya's previous attempt to appeal this Court's judgment was dismissed because the judgment was non-final, as the Court was yet to calculate the amount of fees and damages to award NPC. Their motion for a stay of the non-final judgment pending an appeal that was dismissed was deemed moot. *See* D.E. 279 at p. 2. In their initial Joint Certification, Plaintiff and Mr. Adesanya suggest that their previous motion for a stay arguing the merits of the non-final judgment should somehow be revisited. *See* D.E. 283-1 at ¶ 4. Undoubtedly, that motion was properly dismissed as moot and is entirely irrelevant here.

### Plaintiff's and Mr. Adesanya's Previous Motion to Dismiss is Also Irrelevant

Plaintiff's and Mr. Adesanya's brief in support of their more recent Amended Joint Motion argues that their "motion to dismiss," filed on October 12, 2016 (D.E. 263), was never opposed by NPC and, therefore, the entire matter should be deemed dismissed. *See* D.E. 285-1 at ¶ 5, D.E. 285-2 at p. 6-7. This contention is absurd. Their "motion to dismiss" was submitted *after* this Court had already granted summary judgment against Plaintiff on her claims, granted summary judgment in favor of NPC on most of its counterclaims, and had already granted NPC's motion for sanctions. There was simply nothing left to dismiss. Indeed, the "motion to dismiss" expressly targeted NPC's certification of damages and fees. *See* D.E. 263-1. Upon receipt of Plaintiff's and her husband's "motion to dismiss," NPC contacted the Court and was informed that the Court would not treat the submission as a "motion to dismiss," but rather would treat it as an opposition to NPC's submission in support of the amount of damages and fees (a submission that the Court required in its Opinion and Order determining NPC's motion for summary judgment and sanctions and for which, through a Text Order, the Court set October 14, 2016, as the deadline for such opposition). *See* D.E. 260. In issuing the June 5th Order, this Court undoubtedly considered the various grounds asserted by the Adesanyas' "motion to dismiss" NPC's damages and fees certification.

### Plaintiff's and Mr. Adesanya's Argument under Local Rule 58.1(b) is Misplaced

Plaintiff's and Mr. Adesanya's final argument set forth in their Amended Joint Motion asserts that, because they were not afforded seven days to proffer any objection to the form of judgment submitted by NPC, the June 5th Order and the judgment should somehow be "reversed." *See* D.E. 285-2 at p.7-8. Preliminarily, because the June 5th Order awarded NPC a sum certain, pursuant to Local Rule 58.1(a), NPC believed the Clerk would likely prepare the judgment and submit it to the Court for signature and entry. Nevertheless, when NPC had not received the judgment, it reached out to the Court

Hon. Susan D. Wigenton, U.S.D.J.                                                             July 12, 2017
Page 4

who requested that NPC prepare a form of judgment for submission. NPC did so. The form of judgment precisely follows the June 5th Order. Local Rule 58.1(b) allows seven days for an objection as protection from a judgment that might contain errors and if the judgment does not actually enact the specific terms of the order. It does not provide grounds for reversal where the judgment entered does not contain any errors and simply mirrors the Court order. Unquestionably, the Adesanyas' argument here has no merit and should be disregarded.

After years of Plaintiff's pursuit of baseless disability discrimination claims and her and Mr. Adesanya's flagrant and consistent disregard for this Court's authority and our justice system through lying, defrauding and obstructing, this Court reached a fair and well-reasoned decision and Order based on extensive documentation of fees and damages. Plaintiff and Mr. Adesanya have, nevertheless, filed a Notice of Appeal. NPC respectfully requests that, as a prerequisite to issuing a stay pending disposition of their appeal, this Court mandate that Plaintiff and Mr. Adesanya post the required *supersedeas* bond, pursuant to Federal Rule of Civil Procedure 62(d), in the amount necessary to satisfy the judgment in full, plus interest, costs, and damages for delay representing post-judgment interest for the period of time for disposition of their appeal by the Third Circuit. Because Plaintiff and Mr. Adesanya have twice moved for a stay without posting the required bond, NPC respectfully submits that their motion(s) should be denied outright. Moreover, Plaintiff's and Mr. Adesanya's strategy of raising new, unfounded allegations of "harassment" and re-raising old "motions to dismiss" is merely furthering their *modus operandi* of harassing litigation towards NPC, which has necessitated response after response on the same issues. Undoubtedly, these tactics have caused NPC to incur additional legal fees, and, as such, NPC respectfully requests that the Court consider granting NPC additional legal fees should it be forced to continue responding to baseless allegations and motions filed well after any permissible time frame.

                                                   Respectfully Submitted,

                                                   <u>s/ John B. McCusker</u>

                                                   John B. McCusker

JBM/smm
cc: Afoluso Adesanya (via electronic filing, federal express, and electronic mail)
       Adenekan Hezekiah Adesanya (via federal express and electronic mail)