NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 18, 2017

Afoluso Adesanya
389 Highgate Drive
Ambler, PA 19002
484-821-7233
*Plaintiff*

John B. McCusker & Patricia Prezioso
Mccusker, Anselmi, Rosen & Carvelli, P.C.
210 Park Avenue, Suite 301
Florham Park, NJ 07932
(973) 635-6300
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Adesanya v. Novartis Pharmaceuticals Corporation**
             **Civil Action No. 13-5564 (SDW) (SCM)**

Counsel:

    Before this Court is a joint motion filed by Plaintiff Afoluso Adesanya ("Plaintiff") and her husband, a nonparty, Adenekan Adesanya ("Mr. Adesanya") (collectively, "the Adesanyas").[1] (Dkt. No. 285.)[2]  This Court, having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the motion.

**DISCUSSION**

    The Adesanyas submit the instant motion seeking to stay further proceedings in this case, to "incorporate" a purported motion to dismiss they filed on October 12, 2016, and to reverse the

---

[1]     The Adesanyas indicate in their papers that this filing supersedes a motion to stay that they previously filed.  (*See* Dkt. No. 285 at 1, 5.)  Accordingly, Dkt. No. 283 is dismissed as moot.
[2]     For ease of reference, this Court will cite to the docket entry number of documents filed electronically in this matter.

Judgment entered by this Court on June 21, 2017. Defendant submitted Opposition to the Motion on July 12, 2017,[3] and the Adesanyas submitted their Reply on July 20, 2017. [4]

*Motion to Stay*

The Adesanyas seek a stay of this Court's Order granting Defendant's application for attorney's fees and costs with reductions. Pursuant to Federal Rule 62(d), an appellant may obtain a stay by providing a supersedeas bond. *See* Fed. R. Civ. P. 62(d). "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *See United States ex rel. Doe v. Heart Sol. PC*, Civ. No.14-3644, 2017 WL 2709561, at *1 (D.N.J. June 23, 2017) (internal quotation marks omitted).

While courts in this District have found that they have discretion to waive this bond requirement in whole or in part, they will only do so "where there exists an alternative means of securing the judgment and there are exceptional circumstances." *Id.* (internal quotation marks omitted) (citing cases). The Adesanyas have not outlined any exceptional circumstances here that would warrant the waiver of a bond in order to secure a stay. The motion to stay is therefore denied.

*Motion to Dismiss*

The Adesanya's also seek relief on a "motion to dismiss" that they filed on October 12, 2016. (Dkt. No. 263.) This purported motion was filed after this Court had already dismissed Plaintiff's Amended Complaint and adjudicated Defendant's counterclaims in its August 15, 2016 Opinion and Order on Summary Judgment. (Dkt. Nos. 251 & 252.) Thus there remained no claims in this matter to dismiss and a motion to dismiss was procedurally improper.

Additionally, this Court ordered the Adesanyas to submit opposition to Defendant's Application for Attorney's Fees and Costs no later than October 14, 2016. (Dkt. No. 260.) Indeed,

---

[3] The Adesanyas contend that the letter brief Defendants submitted in opposition to their motion should be stricken for failure to comply with Local Rule 7.1, which sets forth the format for formal motions. However, courts in this District routinely accept letter briefs, particularly in matters that do not require full briefing. *See, e.g., Atkins v. United States*, Civ. No. 88-5106, 1990 WL 126196, at *9 n.4 (D.N.J. Aug. 27, 1990) ("Often [accepting letter briefs] is in the best interest of parties in litigation to hasten the proceedings.") Such is the case here, and thus this Court will accept Defendant's letter brief in lieu of a more formal brief.

[4] In the Reply Brief, the Adesanyas ask this Court to "address the issue of ex parte communications and its improprieties." (Dkt. No. 287 at 13.) They point to several entries in Defendant's timesheet logs in which Defense counsel indicates it made phone calls to the Court. Generally, courts do not consider arguments first raised in reply briefs because the opposing party does not have an opportunity to respond. *See, e.g., Standowski v. Colvin*, Civ. No. 13-5663, 2015 WL 404659, at *16 n.15 (D.N.J. Jan. 29, 2015). Notwithstanding, as many of the entries indicate, these calls were administrative in nature and sought clarification as to whether Defendant was expected to respond to the frequent, voluminous, and often confusing filings the Adesanyas submitted in this matter. Such administrative inquiries are permissible and did not prejudice Plaintiff or her husband.

the Adesanyas' October 12, 2016 submission was labeled "Motion to Dismiss All of Defendant Certification of Damages and Attorney Certification of Fees." Accordingly, this Court treated the filing as opposition to Defendant's Application, which was noted by the Magistrate Judge in his Letter Order requiring supplemental submissions. (*See* Dkt. No. 265 at 2 n.5.)

*Judgment*

Finally, the Adesanyas argue that this Court's June 21, 2017 Judgment should be reversed due to "violations" of Local Rule 58.1(b). (Dkt. No. 285 at 7.) This argument has no merit. Local Rule 58.1(b) sets forth the local procedures for entering a judgment "[i]n all cases contemplated by Fed. R. Civ. P. 58(b)(2)." *See* L. Civ. R. 58.1(b). This Court's Judgment, however, was not entered pursuant to 58(b)(2). Rather, it was entered pursuant to Federal Rule 58(b)(1)(B), which directs the prompt entry of a judgment when "the court awards only costs or a sum certain," such as was the case here. *See* Fed. R. Civ. P. 58(b)(1)(B). Pursuant to Local Rule 58.1(a), all judgments under Federal Rule 58(b)(1) are to be "submitted to the Court for signature and entered forthwith." *See* L. Civ. R. 58.1(a). Therefore, there were no violations regarding the entry of this Court's June 21, 2017 Judgment that would warrant reversal.

## CONCLUSION

For the reasons set forth above, the joint motion (Dkt. No. 285) is **DENIED**, and the motion to stay (Dkt. No. 283) is **DISMISSED AS MOOT**. An appropriate Order follows.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　___/s/ /Susan D. Wigenton_____

　　　　　　　　　　　　　　　　　　　　　　SUSAN D. WIGENTON, U.S.D.J

Orig:　Clerk
cc:　　Parties
　　　　Steven C. Mannion, U.S.M.J.